```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       OCALA DIVISION
```

JASON WHEELER,

       Petitioner,

v.                           Case No: 5:13-cv-576-JES-PRL

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS
and FLORIDA ATTORNEY
GENERAL,

       Respondents.
_____

## OPINION AND ORDER

Before the Court is Respondent's Motion to Dismiss Without Prejudice (Doc. #51).

This is a habeas corpus case. Petitioner Jason Wheeler is a prisoner of the Florida Department of Corrections. In 2006, a jury found Wheeler guilty of first-degree murder and recommended the death penalty by a vote of ten to two, and the trial court sentenced Wheeler to death. After unsuccessful appellate and postconviction challenges in state court, Wheeler filed this federal habeas action in 2013. In 2017, the state postconviction court vacated the death penalty based on Hurst v. Florida, 136 S. Ct. 606 (2016) and directed a new penalty phase. The State sought to reinstate the death sentence but later conceded that a resentencing proceeding was needed. A three-week sentencing trial is set to begin in state court on August 8, 2022.

Respondent argues Wheeler's Petition should be dismissed without prejudice because the judgment he challenges is void, so his habeas grounds are moot. That would allow Wheeler to file a new § 2254 petition after he receives a new sentence and exhausts any challenges to the new judgment in state court. In <u>Maharaj v. Sec'y for Dep't of Corr.</u>, 304 F.3d 1345 (11th Cir. 2002), the Eleventh Circuit affirmed dismissal without prejudice of a habeas petition under similar circumstances. It reasoned, "Because Maharaj's resentencing had not occurred at the time he filed his habeas petition, his state judgment had not become final, and thus his habeas petition, which challenged all of his convictions and sentences, was not ripe for review at that time." <u>Maharaj</u>, 304 F.3d 1345, 1349 (11th Cir. 2002).

Wheeler objects to dismissal. He acknowledges that under current binding precedent, a dismissal without prejudice would not prevent him from asserting any current or future habeas grounds. But he proposes that "a dismissal of Mr. Wheeler's guilt phase claims is wrought with the possibility of a change in law that unjustly denies him federal review of his guilt phase claims." (Doc. #52 at 6-7). It is not this Court's role to anticipate and undermine possible changes to the law the legislature or higher courts might make, so the Court will focus on the law as it stands now.

The petitioner portends a pair of potential procedural pitfalls: the statute of limitations and the bar on second or successive petitions absent circuit court approval. Neither presents any real risk. Dismissal will not create timeliness concerns because the trigger date for the statute of limitations will be the day Wheeler's new sentence becomes final. See Burton v. Stewart, 549 U.S. 147, 156-57 (2007) (holding that the AEDPA limitations period does not begin to run until the petitioner's conviction *and sentence* become final).

There are two reasons Wheeler's anticipated future habeas petition will not be barred as second or successive. First, "a habeas petition which is filed after an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a 'second or successive' petition as that term is understood in the habeas corpus context." Slack v. McDaniel, 529 U.S. 473, 478 (2000). Second, Wheeler's new sentence will be a new judgment, and the first habeas petition challenging that new judgment cannot be second or successive. See Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1281 (11th Cir. 2014) ("when a habeas petition is the first to challenge a new judgment, it is not 'second or successive,' regardless of whether its claims challenge the sentence or the underlying conviction").

Wheeler points to two cases to justify his concern, but they are materially distinct from this case. In <u>Patterson v. Sec'y, Fla. Dep't of Corr.</u>, the Eleventh Circuit majority found that the removal of chemical castration from Patterson's sentence was not a "new judgment," so Patterson could not file a second federal habeas petition after his first was dismissed as untimely. 849 F.3d 1321 (11th Cir. 2017). The Eleventh Circuit reasoned that the state court did not enter a new sentence; rather, it modified the original sentence by removing one of the penalties. <u>Id.</u> at 1326. Here, the state court vacated Wheeler's original sentence, and Wheeler acknowledges that he will receive a new sentence—either life in prison or the death penalty. The new sentence will be a new judgment for federal habeas purposes.

The concurring and dissenting opinions in <u>Patterson</u> should not concern Wheeler either. Chief Judge Carnes' concurrence noted that open questions remain as to whether a "non-detrimental change" in a sentence allows a prisoner to file a new federal habeas petition. <u>Id.</u> at 1329-30. While the dissent argued that any substantive change to a sentence should constitute a new judgment, even if the state court did not enter a new formal, written judgment. <u>Id.</u> at 1331. These opinions highlight uncertainty as to when a change to a sentence constitutes a new judgment, but that is not an issue here. Wheeler's sentence will not be "changed." The state court vacated his sentence and is poised to

- 4 -

impose a new one. There is not doubt that the new sentence will be a new judgment under the AEDPA.

Wheeler next cites Burton v. Stewart, 549 U.S. 147 (2007) to show the "Supreme Court's preference for a single resolution of all habeas issues rather than the piece-meal approach." (Doc. #52 at 8). Burton unsuccessfully argued his resentencing gave him a second bite at the federal habeas apple. The Supreme Court rejected his argument because he filed both his first and second habeas petitions after the state court imposed the new sentence. Burton, 549 U.S. at 156-57. In other words, Burton demonstrates the uncontroversial rule that a prisoner may not file multiple federal habeas petitions attacking the same judgment without permission from the Court of Appeals. If the Court dismisses Wheeler's current moot habeas petition, his first federal habeas attack on the new judgment will not run afoul of Burton.

Finally, Wheeler's proposed alternative to dismissal, stay and abeyance, is inappropriate here. The Supreme Court endorsed the stay-and-abeyance practice when dismissing a mixed petition— i.e., a petition asserting both exhausted and unexhausted claims— would result in some claims being time-barred. Rhines v. Weber, 544 U.S. 269, 275 (2005). The Supreme Court cautioned that "stay and abeyance should be available only in limited circumstances." Id. at 277. This is not one of those circumstances. Wheeler is not facing the problem the Rhines Court identified. His current

habeas petition is not a mixed petition, and he is not facing a time-bar because the statute of limitations has not started to run.

For these reasons, the Court finds dismissal without prejudice the best option. Wheeler can file a new federal habeas petition after his new judgment is final and his grounds are exhausted.

### Certificate of Appealability

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (citations omitted). Wheeler has not made the requisite showing here and may not have a certificate of appealability on any ground of his Petition.

Accordingly, it is hereby

**ORDERED:**

Before the Court is Respondent's Motion to Dismiss Without Prejudice (Doc. #51) is **GRANTED**. The Clerk is **DIRECTED** to terminate all motions and deadlines, enter judgment, and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this ___30th___ day of December 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record